U.S. DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| TIMOTHY K.McGRUDER, MOVANT, vs. UNITED STATES OF AMERICA, RESPONDENT. | ) | DISTRICT COURT DOCKET # 02-CR-13 C2/JMR/ESS<br>HON. JAMES M. ROSENBAUM DISTRICT COURT JUDGE, PRESIDING. |

MEMORANDUM OF LAW
IN SUPPORT OF McGRUDER's 28 U.S.C. 2255 Motion

**Comesnow,** Movant, Timothy K. McGruder, Pursuant to U.S.C. section 2255, Pro se, incarcerated Federal inmate, and moves that the Court vacate and set aside his Conviction and sentence in above referance Criminal Case, on grounds that the Conviction and sentence are in violation of the Constitution and Laws of the United States, and the court was without Jurisdiction to impose such Conviction and Sentence, or the Sentence is otherwise subject to Collateral Attack.

Because Mr. McGruder is being held in the Special Housing Unit at U.S.P. Big Sandy - Inez, Kentucky, where he is locked down for 23 and 1 hours per day, without access Reporters or Sheperd's Citations, he is unable to prepare a proper Memorandum of Law in support of this Motion at this time, so he is Making skeletal filing by listing the issues and supporting facts, as best he can given the limited time he is premitted to use typewriter in the S.H.U. Law Library, which only contains selected volumes of the U.S. Code Annotated, Summeries of most(but not all) Supreme Court Opinions since Circa 1960(but not the actual Opinion),B.O.P. Program Statements and a handful of Legal Treatises/Horn Books. Mr. McGruder respectfully submits that the B.O.P. is in violation of his Constitutional Rights of Access to the Courts, by denying time to prepare this Motion and supporting Memorandum of Law, by denying him access to an adequate Law Library and Typewriter for preparing his legal papers. SEE, Allah v. Seiverling, 229 F3.d 220(3rd Cir.2000).

CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL.

The Sixth Amendment to the U.S. Constitution guarantees all criminal defendants the right to effective assistance of legal counsel. McMann v. Richardson, 397 U.S 759,771 n.14 (1970). To prove ineffective assistance of counsel, Movant must prove both Deficient preformance and Prejudice. Lockhart v. Fretwell, 506 U.S.



U.S. DISTRICT COURT ST. PAUL
MAY 3 1 2005
SCANNED

364,369 (1993). To prove deficient preformance, Movant must show, "that counsel made errors so serious that he was not functioning as the counsel guaranteed to the defendant by the Sixth Amendment". See, Strickland v. Washington, 466 U.S. 668, 687 (1984). Id. at 687. That is, Movant must show that "counsel preformance fell below an objective standard of reasonableness". Id. at 688. Claiming ineffective counsel, Movant must show that "counsel's actions were not supported by a reasonable sound strategy and that the error was prejudicial". Id. at 668. To prove prejudice. Movant must show that "there is a reasonable probability that but for counsel's unprofessional errors. the results of the proceeding might have been different". Id. at 694. In a2255 Motion. Movant bears the burden of proving his grounds for Collateral Attack by a preponderance of evidence. See, Miller v. U.S. ,261 F.2d 546,547 (4th Cir. 1985); Vanater v. Boles, 377 F2d 898,900 (4th Cir. 1967); U.S. v. Bondurant, 689 F.2d 1246,1251 (4th Cir. 1982); Polizzi v.U.S. , 926 F.2d 1311,1321 (2nd Cir. 1991).

Issue#1: Movant, McGruder contends that his Appointed Counsel "Mr. Keith M. Ellison" Thoughout proceedings of Pre-trial, Trial and Direct Appeal was Ineffective in Assistance of Counsel for failing to contest to the Governments Jurisdiction over the present case, which charged Mr. McGruder under Title 18 U.S.C. §1959 (a) (1) and 1961 (1) as charged in the indictmebt.

Counsel was deficient in his preformance and committed error for not contesting to the governments jurisdiction to prosecute Mr. McGruder ~~thoughout~~ throughout proceeding. "Because the statute prohibiting violent crimes in the aid of racketeering (VCAR) lacks jurisdictional element tying either the violent act or conduct of the defendant to interstate commerce, something more than a De minimus connection to interstate commerce must be establihed in order to establish federal jurisdcition in prosecution of a defendant under the obove statute. See, U.S. v. Garcia, 68 F. Supp 2d 802,803 (Ed.Mich.19999); Waucaush v. U.S, 380 F.3d 251 (6th Cir. 2004). When counsel failed to challenge the jurisdiction of the federal indictment against Mr. McGruder by filing a Motion to Dismiss and/or a Motion for and Directed Verdict of Aquittal he instantly became ineffective. See, Strickland v. Washington, 466 U.S. 668,687 (1984), it states that "the purpose of effective assistance guarantee of the 6th Amendment is... to ensure that criminal defendants recieve a fair trial." It goes on to say that the court must:

Judge the reasonableness of counsel's challenged conduct on the

> facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or ommissions.

This is clearly an act of incompetance and an error that can never be harmless.

It is also a violation of Mr.McG ruder's 5th Amendment right to due process.

In counsel failing to make this challenge Mr. McGruder was Indicted,charged and prosecuted, convicted and sentenced to Life in prison.

Movant contends that because ofthe lack of counsel's under standing of the statute it was that he did not challenge jurisdiction. Where it states:

> Whoever, as consideration for the receipt of, or as consideration for a promise or agreement topay, anything of pecuniary value from an "enterprise" engaged in racketeering activity, or purpose of gaining entrance to or maintaining or increasing position in an "enterprise"engaged in racketeering activity,murders... any indivdual in violation of the laws of any States or the United States... shall be punished...(1) for murder, by death or life imprisonment...(b) as used in this section- (1)"Racketeering Activity" has the meaning set forth in section 1961 of this title; and (2) "En terprise" includes any partnership, corporation, association,or any legal entity ,and any union or group of individuals associated in fact although not a legal entity, which is engaged in, orthe activities of which affect, interstate or foreign commerce.

And counsel for Mr.McGruder never challenged connection of "Drugs and Gang." Counsel allowed government to use the arrest of Terron"rico"Williams on drug charges, which they claimed to have been going on since as long as "1990", to his arrest on August 21, 2001, to indict Mr. McGruder with the count charged in the indictment when in fact the only individuals who substantially affected commerce were Mr.Williams and co-conspirators involved in the indictment charging them with; 21 U.S.C. 841 (a)(1) and 846 Narcotics Trafficking. Counsel did not challenge the sufficiency of the evidence nor did he investigate to see if they were indeed factual. Even when requested by client to do so, which is nothing less than ineffective. See, Rios v. Rocha, 299 F.3d 796 (9th Cir.2002). Mr. McGruder advised appointed counsel that the drugs sold by Williams were not for the benifit of the [Gang] ,but for his own "monetary gain", and can in no way be used to gain jurisdiction on this fact. See, U.S. v. THai, 29 F3d, 818 (2nd Cir. . As so with the Rolling 60'S Crips and Terron"Rico"Williams and co-conspirators on indicted Narcotics Trafficking charges.

Apointed Counsel for McGruder due to incompetance ignored the jurisdictional part of the indictment that allegedly charged McGruder who at the time belonged to the street gang "Rolling 60'S Crips" to allegedly conspired to murder other members of a rival gang, and allegedly it was committed [illegible] "enhancing his position and authority of the gang and or [illegible] position.

her members of a rival gang, and it was allegedly for the "purpose of Enhancing position and authority of the gang or Maintaining or Increasing his position", did not involve activity having a close and substantial effect on interstate or foreign commerce, as required to support federal jurisdiction in prosecution for commission of a violent act in the aid of racketeering (VCAR), conection of [gang] and [defendant] to interstate commerce, were Terron "Rico" Williams was charged to have conspired to distribute Narcotics does not support the conclusion that one can just simplely" Bootstrap" a purely local crime into a federal capital offense. See, U.S. v. Pappadopoulós, 64 F.3d 522 (9th Cir.1995); U.S, v. Denalli, 73 F.3d 328,329 (11th Cir.1996). A stronger and more substantial connection is required, and since McGruder's counsel never contested to this,he is indeed ineffective.

Movant argues that counsel was also ineffective for not challenging the sufficiency of the allege "primary purpose of the allege "enterpise", which was "to earn money for it's members and associates through the sales of controlled substances, primarily cocaine and cocaine base("crack"), stated in the indictment. When in fact Terron Williams had testified at trial that: Followed by Mr. Paulsen;

Q. what was the purpose of those larger meeting at this
football stadium in the summer of "96?
A. To get everybody to come together.
Q. For what purpose?
A. To put money together, to get more drugs,
and to finance the gang, and to get everybody to like each other
,because, like, before that, people would'nt- a lot of the gangs
-- people in the gang was'nt getting along with each other.

See June 3,2002 Trial Trans Vol.III Pgs.586,587.

It was questionable if [the gang], due to it's friction amongst each other, that "it" (earning money for the members) never took place. Even when advised by client to do so counsel did not challenge such an accusation. Instead he consel "Ellison" for Mc Gruder promoted the governments theory of jurisdiction by continuouls stating that Williams was indeed the leader of the Rolling 60's Crips in Minnesota, eventhough client kept telling him it was false. Williams's Proclaimed leadership, which prejudiced his client in front of the jury making the jurisdiction factor of the crime sufficient in their eyes.

In counsel's failure to contest to the facts stated by Mr. Mc Gruder he (Mr. Ellison) was ineffective an assistance of counsel.

Movant contends that counsel's first attempt to raise a challenge against jurisdiction on Direct Appeal in the Eighth Circuit of Appeals, but due to

the lack of ~~knolege~~ Knowlege and research of the statute 18 U.S.C. 1959 (VCAR) his challenge was meritless. See Eighth Circuit Court of Appeal Decision and Attorney brief of AppealLant on defendant's behalf, and you will see that counsel's challenge on constitutionality of statute is not a challenge at all, but a question of sufficiency of the evidence, which he also raised for the first time on Direct Appeal with little to know merit on the claims. Mr. McGruder advised appointed counsel on such cases to review on behalf of his appeal in concerning jurisdiction as wellas sufficiency, but counsel never allowed Movant to participate in his appeal process and in not doing so counsel was ineffective, which is the reason Movant filed a Motion for "Change in Appointed Counsel", but the Eighth Circuit Court of Appeals denied Mr. McGruder's Motion with no reasoning. See,Stouffer v. Reynolds, 214 F3d 1231, 1234-35 (10th Cir.2000). Because of the nature of jurisdiction defects, they can be Recognized by the courts at any point in time. Fed. R. Crime. Pro.12 (b)(2) U.S. v. Sutton, 961 F.2d 476,478-79 (4th Cir.1992); U.S. v. Willis, 992 F.2d 489,490 (4th Cir. 1993). Because this is a jurisdictional defect, this court must now recgnize it, despite counsel's failure to move to dismiss the indictment on these grounds. Also See, Dixion v. Snyder, 226 F.3d 693,704 (7th Cir.2001); Russel v. U.S, , 369 U.S. 749 (1962); U.S. v. Czeck, 671 F.2d 1195,1197 (8th Cir.1982); U.S. v. Clark, 646 F.2d 1259,1262 (8th Cir.1981).

And since this error can in no way be harmless,but purely plain, as well as a violation of Mr. McGruder's 6th and 5th amendment rights the court should "In the Interest of Justice Vacate Set Aside Or Grant New Trial".

**SEE ATTACHED DOCUMENTATION**
**TO SHOW OF COMPLAINTS OF COUNSEL"S DEFICIENT**
**PREFORMANCE**

---