ISSUE# 2: Mr. McGRUDER'S TRIAL APPOINTED COUNSEL WAS INEFFECTIVE FOR FAILING PROPERLY TO INVESTIGATE THE CASE AND PREPARE FOR TRIAL. SEE, KIMMELMAN V. MORRISON, 477 U.S. 365,385-87 (1986); ROACH V. MARTIN, 757 F2d 1463 (4th Cir.1985); HOOTS V. ALLSBROOK, 785 F.2d 1214,1220-21 (4th Cir.1986)[FAILURE TO EVEN INTERVIEW WITNESS'S]. THE EFFECT OF COUNSEL'S INADEQUATE PREFORMANCE MUST BE EVALUATED IN LIGHT OF TOTALITY OF EVIDENCE AT TRIAL: A VERDICT OR CONCLUSION ONLY WEAKLY SUPPORTED BY THE RECORDS IS MORE LIKELY TO HAVE BEEN AFFECTED BY ERRORS, THAN ONE WITH OVERWHELMING SUPPORT. Id. at 696, 104 S.Ct.,2069; See, U.S. V. AGURS, 427 U.S. 97,113 ;96 S. Ct. 2392,2402, 49 L.ED.2d 342 (1976)("If the verdict is already of questionable validity,additional evidence of relatively, minor import might be sufficient to create a reasonable doubt").

Rios v. Rocha, 299 F.3d 796 (9th Cir.2002)["Failure to properly investigate the case may constitute ineffective assistance of counsel].

Claims that counsel was ineffective for failing to properly investigate the case and/or prepare for trial required the courts to hold an evidentiary hearing. Townsend v. Sain, 372 U.S. 539,550 (1963); U.S. v. Defusco, 949 F.2d 114, 120-21 (4th Cir.1991).

In Washington v. Williams, 59 F.3d 673 (7th Cir.1995) the court agreed that counsel had been ineffective because he had failed properly to prepare for trial.

In a more recent case, a court granted the defendant's 2255 Motion for Habeas Corpus, where the court found that:(1) Defense counsel was objectively unreasonable in his failure to investigate, interview and call witnesses with evidence in support of defendant's good faith defense, as defendant had requested. See U.S. v. Jasin, 215 F. Supp. 2d 552 (E.D. PA. August 8,2002).

In Mr. McGruder's case, his Trial Counsel was ineffective because he failed properly to investigate the case and research the statute to prepare for trial.

After reviewing the Government's discovery, counsel "Keith M. Ellison" decided not to interview certain witnesses requested by Mr. McGruder except for "Alibi" witnesses who were Rose Foote (aunt), Jamie Jiles, A'de Sharpley and Kevin Foote, who are also relatives of the defendant(because of clients innocence claim), but did not attempt to contact other witnesses who would have helped Mr. McGruder's case, especially other members of the gang who would have been able to show that Mr. Williams was not the leader of the Rolling 60'S Crips of St. Paul,Minnesota and the drugs he sold were for his own benifit instead of for the members of the gang as prescribe in the indictment. Counsel was ineffective for failing to interview"Clifton Jiles","Derrick Powell", "Martin Bell", Derrick Jiles","April Banks" ,"Kevin(66)Snead","Machale Nixon" and"Darrell Jackson" as witnesses at trial, as McGruder had requested for him to do. they would have provided valuable testimony, which would have impeach Williams and Hymes is testimony concerning the leadership of the Rolling 60'S in St. Paul, and that the meetings the government so highly spoke of were no more than an attempt to pull people in the gang together,but it [redacted] only divided the gang more, which if counsel would have

SCANNED
MAY 31 2005
U.S. DISTRICT COURT ST. PAUL

called them to testify they would have not only proved this they also could have testified to the allegations about the meeting being "for the purpose to earn money for the members through the sales of narcotics" which is the Racketeering Activity that had affected commerce defined in Title 18 U.S.C. 1961 (1), and that Mr. McGruder never attended the meetings because at the time of the meeting the defendant was incarcerated held at "Lino Lakes Correctional Facility of Minnesota.

"Derrick Powell", "Martin Bell"and Clifton Jiles could have given the "history of the Rolling 60'S Crips in Minnesota's St. Paul area due to the fact that they've been members of the gang since it first started in Minnesota in "1986. All of these individuals were willing to testify ,which could have been supportive and favorable to the defense of the government "Theory" charged in the indictment because the only evidence to support this theory was the testimoy presented by"Williams"and"Hymes", but counsel's failure to interview these witnesses when advised by client to do so and subpeona them allowed only"Williams"and"Hymes" testimony about the activity of the "Gang" to be heard in front of the Jury caused prejudice.

Mr. McGruder was also willing to testify, but due to counsel's ineffectiveness, he advised the defendant not to testify knowing that only other members of the "Gang" could've help out the defense. These meembers of the gang would have "blunted" out"Williams"and"Hymes" testimony to his leadership as well as the mere "speculation of the "drugs they sold" being for the benifit of the"Gang"; but trial counsel failed to even interview any members of the "Gang". Therefore no one was able to contest to the"Government's Theory" of the allege "Enterprise" and "Williams's "Leadership", which also prejudiced "Movant". Trial counsel instead chose to focus on the indentity of the shooters and the lack of evidence that pointed to"McGruder" being present at the time of the crime. Counsel did not research or study the statute nor did he contest to the jurisdiction, which showed that he was'nt qualified to represent Mr.McGruder in this Capitol case, which violated the defendant's 6th Amendment Right to Effective Assistance of counsel.

Trial counsel was also ineffective for not "Investigating the Elements of the Crime of Murder in Aid of Racketeering A-

ctivity as charged in the Count of the Indictment". Counsel never challenged the sufficiency of the evidence in the indictment of the "enterprise" elements (1),(2)or (3), he just put together a defense against the murder elements, which were (4) and (5),but he still did'nt understand the elements because he would have known that you cannot have the "Body" without the "Head", they won't function without each other, which prejudiced "McGruder. Instead he continuously stated"Williams"was indeed the "Leader of the gang.

A related area of ineffectiveness by trial counsel Keith M. Ellison was in preventing Mr. McGruder from testifying on his own behalf in conection,with not only the theory of defense that he was not present at the scene of the crime and did not participate in the murder of "Davisha Brantley Gillum", he also did in no way agree with"Williams or Hymes" to commit any crime. Whether it was "Drug Trafficking"or "Commissioning Violent Acts Against Percieved Enemies Of The Allege Enterprise or Gang". Whether "formal or informal",MR. McGruder explained to counsel that he never did, but still never challenged this on behalf of client. The Supreme Court has held that "a criminal defendant has a constitutional right to testify in his own defense. See,Jones v. Barnes, 463 U.S. 745,751 (1983). Rock v. Arkansas, 483 U.S. 44 (1987) a defendant's right to testify is personal and can only be waived by the defendant himself , the defendant's right to testify is not a matter of "trial counsel's strategy" to be decided. U.S. v. McMeans, 927 F.2d 162,163(4th Cir.1991), the trial court does not have a duty sua spote to conduct a colloquy with the defendant at trial to determine if the defendant has knowingly and intelligently waived the right to testify. See,McMeans, 927 F.2d at 163. Because the burden of ensuring that a criminal defendant is informed of the nature of and eixstence of the right to testify rest upon "Trial Counsel", the burden shouldered by "Trial Counsel" is component of " Effective Assistance of Counsel. Brown v. Artuz, 124 F.3d 73,79 (2nd Cir.1997). Thus, a defendant claim that his trial counsel impremissibly interfered with his right to testify must satify the two-prong test established in Strickland v. Washington, 466 U.S. 668 (1984),and See Brown v. Artuz, 124 F.3d at 79.

In McGruder's case, Trial Counsel interfered with his decision to testify at trial, despite McGruder's request to do so. Early in Mr. Ellison's representation, he told Movant that for his

defense stategy that he would not need Mr. McGruder to testify, and he was only going to call McGruder's Alibi witnesses because it was not necessary for him to testify. Mr. Mcgruder had let counsel know that he did'nt believe that was a good idea for his stategy, and wanted other members of the "Gang" to testify, but counsel ignored his request.

After sitting through the prosecutions case in chief, Mr.McGruder decided that it was more than necessary for him to testify on his on behalf because there were certain issue only he and other members from the gang could have clarified for the jury. Mr.Ellison, when defendant decided to take the stand to testify on his own behalf asked the court for "About 15 seconds; no more than that", and the court gave a five minute recess (see Trans. Vol.VI pg.1315), and during this recess counsel "Ellison" persuaded client into not testifying knowing that Mr.McGruder or other member of the gang could have contested to the testimony of "Williams" and "Hymes", which were the government's witnesses who only stated these allegations of the evidence that connected Mr.McGruder to this crime as well as "Maalik Harut" who was said to have the "getaway driver. See, Dixon v. Snyder, 266 F3d 693,704(7th Cir.2001). Mr.Ellison in court covered himself by asking the court to confirm that Mr.McGruder was waiving his rights to testify, which "Judge Rosenbaum" did on record. See Trial Trans. Vol.VI Pg.1315-1316. Movant was to naive at the time to know that consel's advise was not of good reasoning. Movant contends that advise given by counsel constitutes ineffectiveness, which severely rendered and prejudice client and his trial "Fundamentally" unfair. See, U.S. v. McCambridge, 551 F.2d 865(1st Cir.1977)).

Movant, under the same issue say's this in light of that his appointed counsel knowing that it was a dispute in the identity of the shooters mainly Mr.McGruder because not only was he not picked out of the photo spread that was shown to one of the eye witnesses. It was also said by "Jayne Sommerfield" thatthe individual who the government's wutnesses say was "Mr.McGruder" had a particular hairstyle that's called "Cornrows". See Trial Trans. Vol.I Pg.125-127. Movant tried to explain to his counsel that at the time of this crime he did not bare a hairstyle of this fashion and had photo's to prove it, but due to counsel's incompetence he ignored what was a plain show of Innocence that Mr.McGruder was not the person prese-

nt at the scene of this crime in the night in question. Mr. McGuder also told counsel that he wanted him to ask all the government's witnesses, especially "Maalik Harut" (who was said to be the getaway driver),during cross examination if the defendant bore this particular hairstyle on the night in question. This would have been in such a strong way been helpful to Movant's defense because in no way could have anyone colloborated with what"Ms.Sommerfield"testified to about the description of the shooter that was closer to her that was said to have been the defendant "McGruder".That she said She got a "Fairly good look at". And Mr.McGruder still has the photograghs of himself on or about the date in question and are not after this date, but before. See, Strickland v. Washington, 466 U.S., 80 L.ED.2d 674, 104 S. Ct.2052 at 696; U.S. v. Decoster, 199 U.S. App. D.C.,at 372-373, 624 F.2d 209,210. Counsel also prejudiced client by not calling client's ex-parole officer at the time of the offense when asked be cause he could have also help the defense on this discrepancy because on July 19,1996, Mr.McGruder had seen his ex-parole officer for the last time before he had completed his parole. And the crime charged in the indictment took place on July 20,1996,and for counsel not to have cross examined the government's witnesses on this matter when they were saying that they were with or seen "McGruder" on this night of questioning counsel was not displaying effectiveness that is required of the 6th Amendment, and in not doing so was deficient and it caused prejudice to Mr.McGruder.

Due to these errors of fact I ask the court in the interest of Justice to Vacate Set Aside or Grant a new Trial.

**ISSUE#3: COUNSEL WAS INEFFECTIVE FOR NOT CONTESTING TO THE JURY INSTRUCTIONS CONCERNING TRIAL JUDGES FAILURE TO INSTRUCT THE JURY ON THE PRESCRIBE NARCOTICS TRAFFICKING, IN VIOLATION OF TITLE 21 U.S.C. SECTIONS 841(a)(1) ,and 846, RACKETEERING ACTIVITY DEFINED INTITLE 18 U.S.C SECTION 1959(b)(1)and 1961(1) AS CHARGED IN THE INDICTMENT.**

"The propriety of a jry instruction is a question of law that is reviewed "de novo". U.S v. George, 266 F.3d 52,58(2nd Cir.2001).""A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately in form the jury on the law". U.S. v. Walsh, 194 F.3d 37,52(2nd Cir.1999) (internal quotation marks omitted). Even if a jury instruction is erroneuos, however , will vacate a criminal conviction "only if the error was prejudicial and not simple harmless". George, 266 F.3d at 58. Such error is harmless only if "it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilt absent the error". Id. at 61(quoting Neder v. U.S., 527 U.S. 1,18,119 S.Ct. 1827, 144 L.ED. 2d 35(1999)."In making this assessment, we consider(a) whether there was sufficient evidence to find in favor of the defendant on the omitted element, and, if there was,(b) whether the jury would nontheless have returned the same verdict of guilty".Id. (quoting U.S. v. Jackson, 196 F.3d 383,386(2nd Cir.1999).

Movant contends that his trial counsel who was as well counsel on"Direct Appeal" was ineffective for failing to challenge the tral Judge's failure to instruct the jury on the prescribed Narcotics Trafficking,violation of Title 21 U.S.C.§841(a)(1),and (846),this was the Racketeering activity as defined in Title 18 U.S.C.§1959(b)(1)and 1961(1) as charged in the indictment. In addition to finding that the defendant was involved in the murder of Davisha Brantley-Gillum, the jury would have to as well had to find that the"Rolling 60'S Crips engaged in (1)Trafficking in controlled substances that would constitute substantive narcotics offenses, in violation of 21 U.S.C.§841(a)(1)and(846);or(2)Acts of murder, violation of Minnesota law.

The racketeering activity that was presented at trial and charged in the indictment was that the "Rolling 60'S Crips Gang in St. Paul,Mn. was Allegedly an "enterprise" as defined in title 18 U.S.C. §1959(b)(2) that is, a group of individuals associated in fact which affected,interstate and foreign commerce, by a common purpose to

achieving the objectives of an "enterprise" and that the primary purpose was to"earn money for its members and associates through the sales of controlled substances, primarily cocaine and cocaine bse("crack").Mr.McGruder's appointed counsel was ineffective and violated his 6th amendment right to efeective assistance of counsel for failing to object or challenge the violation under title 21 U.S.C.§841(a)(1)and 846.

Mr.McGruder contends that his appointed counsel was also ineffective for not objcting or raising the issue about the jury instructions being erroneous for instructing the jury to only have to find that the "enterprise" had an affect upon interstate or foreign commerce, which could have occurred in any way, and it need only to have been "minimal" and not "Substantial". At Trial nor Direct Appeal.

VCAR has no jurisdictional element, which ties either the violent acts or the conduct of the defendant to interstate commerce;the only jurisdictional element relates to the activities of the enterprise. RICO and VCAR regulates "enterprises",not people. Since VCAR does not require the violent acts themselves nor the defendant to have any conection to interstate commerce other than they were committed for the purpose of establishing or maintaining a position within the allege :enterprise. Drug trafficking is a quintessential illegal economic activity that does substantially effect commerce, but that does not mean that if one indivdual member or two of the Rolling 60'S Crips gang was arrested for "Drug Trafficking" that the Whole [Gang] is in violation of 21 U.S.C. 841(a)(1)and 846. See U.S. v. Tucker, 90 F.3d 1135,1140(6th Cir.1996) and when my appointed counsel did'nt contest the jury instruction that allowed the jury to be misled that the effect on commerce had to only have been "minimal" instead of "substantial", which was a form of deficiency in his preformance, which caused the defendant to be prejudiced in of the jury, which was a show of ineffectiveness.(When a defendant challenges a conviction on the ground of prejudicial ineffectiveness of counsel, the question is whether there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt"). Strickland v. Washington,466 U.S. 688,80 L. ED. 2d 674,679-698, 104 S.Ct. 2052. And since Movant 's appointed counsel did'nt challenge the connection between "Terron Williams" and the [Gang] he was deficientin his preformance for

committing this error, Moreover, if a RICO violation had exsited, "Williams", being the person whom it was alleged to have sold the drugs, would have to have been initially indicted under the RICO in order to establish an underlying offense that McGruder was part of an RICO organization- due Williams was allegedly head of that organization and is the person whom sold the drugs, so as McGruder's alleged conduct could fall under 1959(VCAR)(a). Since Williams was not indicted Under RICO, then there is no under lying offense (RICO enterprise),due that, given the facts of this case, there can be no Rico "enterprise" without "Williams".

**ISSUE#4: COUNSEL WAS INEFFECTIVE FOR FAILING TO CHALLENGE THE INSUFFICIENCY OF THE EVIDENCE CONCERNING THE GOVERNMENT"S PROOF OF "RICO" VIOLATION WITH RESPECT TO" TERRON WILLIAMS" NEVER BEING CHARGED IN THE INDICTMENT WHICH DEFENDANT "McGRUDER" AND OTHERS WHICH TO HAVE COMMITTED MURDERIN THE AID OF RACKETEERING IN VIOLATION OF TITLE 18 USC §1959(a)(1) and 1961(1) (VCAR) VIOLENT CRIME IN THE AID OF RACKETEERING IN FURTHERANCE OF AN RACKETEERING "ENTERPRISE" THAT VIOLATED TITLE 21 USC §841(a)(1) and 846 NAMINGLY NARCOTICS TRAFFICKING OF COCAINE AND COCAINE BASE ("CRACK").**

To sustain a conviction under the Violent Crime in the Aid of Racketeering (VCAR), the government must prove five essential elements beyond a reasonable doubt:(1) there was an "enterprise" and it exsisted at the time charged in the indictment;(2) the "enterprise" was engaged in Racketeering activity as defined in 18 USC §1961,(which in this case) Dealing in controlled substances(Narcotics Trafficking);(3) The "enterprise" was engaged in or"it's" activities affected interstate or foreign commerce;(4) The defendant committed the murder;(5) and the defendant committed the murder for the purpose of gaining entrance to or maintaining or increasing his position in the "enterprise". 18 USC §1959.

**We must evaluate the sufficiency of evidence concerning Elements (1),(2)and(3).**

K

Terron "Rico" Williams was arrested for His leadership role in a conspiracy to "Distribute Cocaine and Cocaine base("Crack") from roughly January 1,1990 to August 21,2001. At the time of his arrest for"Drug Trafficking",the detectives asked him about the murder in which Mr.McGruder has been charged with, and at that time the government sought to prosecute the defendant and co-defendants "Kamil Hakeem Johnson" and "Keith Benard Crenshaw" under title 18 USC §1959(VCAR) and there was a fourth indivdual that was indicted, but his charge was for conspiracy to commit murder with his cooperation for saying he was the allege getaway driver("Maalik Harut"). Now in order for the government to prosecute a crime of murder they must prove that it was done under this statute and that the proscibe "enterprise" substantially affected commerce, and that it was a "RICO enterprise.

Movant contends that the offense allege had no substantial afect or connection Interstate Commerce as required by U.S. Const. Art. 1,§8, Cl. 3., which grants congress the power to "regulate co-

mmerce with foreign nation, and among the several states, and with the Indian Tribes. As applied, this count is insufficient to withstand an as applied challenge. The 1959(a) statute lacks substantial affect on commerce to establish jurisdiction that a federal cause of action was in pursuance of congress, power to regulate Interstate Commerce. The commerce clause affords Congress the opportunity to regulate three broad categoties of activity:(1) that involving the use of channels of Interstate Commerce,(2) that ivolving instrumentalties of Interstate commerce or persons or things in Interstate commerce, even though the threat may come only from Intrastate activities, and finally (3) that substantially affecting Interstate Commerce. It is all three categories that are at issue in this case. And counsel 's deficient preformance cause him not to challenge this issue at all.

The government relies on the narcotics charges that "Williams" and co-conspirators were arrested for, in order to gain jurisdiction over the present case by claiming that "Williams was the allege leader of the St.Paul branch of the Rolling 60'S Crips Gang", and he allegedly put out a an order for other members of the gang to "Shoot on sight" when they came in contact with members of an rival gang called the "Bogus Boys", who the "Rolling 60'S Crips" were in a feud with at the time of the murder of Davisha Brantley-Gillum, but Williams" was never charged with any part in the murder nor the "enterprise", evnthough he was said to have' allegedly' been the one to have put out this " Order "and to have also allegedly been the leader of the gang at the time of this offense. Counsel for McGruder did'nt contest to the defendant being actually innocent of violating (VCAR) or (RICO) the statutes reaches only "enterprises"engaged in",or the activities of which affect, Interstate or Foreign Commerce".

The govenment contends that the Rolling 60'S Crips Gang "itself" was "engaged"in" activity that affected commerce. The Supreme Court in "Morrison" rejected the arguement that Congress may regulate noneconomic, violent criminal conduct based solely that cunduct's aggregate affect on Interstate Commerce". U.S. v. Morrison, 529 U.S. 598, 146 L. ED. 2d 658, 120 S. Ct. 1904(2000) at 617-18. Although one Rolling 60'S Crips member had previously been arrested for Trafficking drugs, an activity that is economic,U.S. v. Tucker, 90 F.3d 1135, 1140 (6th Cir.1996) does that mean that the [GANG] in a

whole has affectedc commerce, it means that individual has affected commerce. The govenrment did not prove that the [gang] as an "enterprise" affected commerce, but they did arrest "williams" For doing so. See, U.S. v. Abdullah; 162 F.3d 897, 901 (6th Cir.1998). U.S. v.Valenzo, 123 F.3d 365,367-68 (6th Cir.1997); also U.S. v. Walls,92 F.3d 1444, 1447-52 (6th Cir.1996), all show as a groups operated to affect commerce. Without Williams's Drug charges all that is left is violence quo violence-- which the Supreme Court in"Morrison", 529 U.S. at 613, plainly classified as conduct of noneconomic strain.

Here we have a problem that Mr. McGruder's appointed counsel"Mr. Keith M.Ellison" failed to raise the challenge all through proceedings , because you can't have one without the other. The government used "Williams's and his co-conspirator's charges of Drug violations of title 21 USC §841(a)(1) and 846 in order to gain jurisdiction over the present case all saying it was a substantial affect on commerce carried out by the Rolling 60'S Crips, but Williams was never so much as heard he was part of the indicted charges that were submitted to the defendant, which he was said to have allegedly made this order as allege leader of the [Gang]. Without a "Head""on the Indictment ther's no "Body", as so without a "RICO" act there's no "Aid" to it, and without "Williams" there should as well have been no case in federal court.

What lead up to the murder is of question as ~~[illegible]~~ well. Eventhough the defendant still holds his ground on his "innocence" of the murder in all, this must be addressed as well, given the fact that through Terron"Rico"Williams's Drug activity jurisdiction was granted to prosecute. The legislative history indicates that "congress intended to provide the option of federal investigation and prosecution... when a murder is committed... And the proper federal nexus...is present." The drafter of VCAR statute, Moreover, noted that [t]his does not mean, nor does the committee intend, that all or even most such offenses should become matters of the federal responsibility. See, U.S. v. Concepcion, 983 F.2d 369 (2nd Cir.1992), also S. Rep. No. 225, at 305, reprinted in 1984 USCCAN at 3484.

In the drug trafficking context,(which is of question as well) the conduct uderlying (VCAR) convictions has generally involved violent clashes between rival gangs over turf to sell narcotics ,for example. In U.S. v. Diaz, 176 F.3d 52, 95-96 (2nd Cir.1999

), the second circuit affirmed a (VCAR) conviction because the evidence demonstrated that the murder "was expected of[the defendant] as one of the high ranking. Leaders [of the drug organization] to protect the blocks drug business" and that "failure to do so would have underminded his leadership position within the[organization]or[enterprise]. Also See, U.S. v. REyes, 157 F.3d 949, 955 (2nd Cir.1998); U.S. v. Rosa, 11 F.3d 315, 340-41 (2nd Cir.1993). In this case McGruder contends that his counsel was indeed ineffective for not raising the issue that because the rivalry between the"Rolling 60'S"and the"Bogus Boys" had no ties to the narcotics violations, which was charged in the indictment ,which granted the government jurisdiction to prosecute the defendant on the statute 1959 (VCAR), Terron Williams would have had to been indicted as well for his allege role as the leader who allegedly [ordered] the attack on the "Bogus Boys". The only evidence that the government used to say this was the testimony from"Terron Williams" and"Greg"Hymes" and when we actually review the sufficiency of the Allege evidence in respect to the narcotics violations, the only one who engaged in Racketeering activity was "Williams and co-conspirators who sold crack cocaine at all times relevant in their indictments not the Rolling 60'S Crips as a [GANG]. And the government is proposing that Williams is the "Head" of the Rolling 60'S Crips Then he should as well been indicted for the charges setforth in the above case, but instead he was only indicted and charged "initially" as well as throughout [his] procedings with [his] leadership role in the violations of 21 USC 841(a)(1)and 846 and that is because his gang affilation and Drug Trafficking were seperate and apart, but due to the appointed counsel for McGruder was deficient in his preformance this issue was never challenged which caused prejudice with the defendant.

Due to these Errors of fact I ask this honorable court to In the Interest of Justice to Vacate,Set Aside or Grant Movant a New Trial.

**FINAL ISSUE:** Even if the court should not find any single incident of ineffective assistance of counsel to have so prejudiced Mr.McGruder as to justify granting Habeas Corpus, the court may find that the cumulative effect of counsel's errors does justify granting Habeas Corpus. Taylor v.Kentucky, 56 L.ED2d 468(1978); Hoots v. Allsbrook, 785 F.2d 1214,1221 (4th Cir.1986) ( chief Judge Ervin, dissenting) ["The cumulative effect of an attorney's errors may have a devastating effect on the defendant's defense"].

## CONCLUSION

For the foregoing reasons, Movant requests that the Court grant this Motion for Habeas Corpus, and Movant also asks this Court to excuse the typo errors because not only am I a Layman at law I'm also not an Typist nor a Clerical Expert.

Wherefore, Movant pray that this Honorable Court grant him bond, appoint counsel to represent him, hold a promt Evidentiary Hearing and vacate his sentence conviction, plus any other relief to which he may be entitled in these proceedings.

Respectfully submitted on this 19 day of, MAY,2005, by,

Timothy K. McGruder

TIMOTHY K.McGruder
#10273-041

**Pro se**

**U.S. PENITENTARY BIG SANDY
P.O. BOX 2068
INEZ, KENTUCKY 41224**