# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 02-CR-0013(2) (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| TIMOTHY KEVIN MCGRUDER, | |
| Defendant. | |

Defendant Timothy McGruder was convicted of murder in aid of racketeering in violation of 18 U.S.C. §§ 1959 and 2. In December 2002, McGruder was sentenced to life imprisonment. Docket No. 171. After McGruder's conviction and sentence were affirmed on direct appeal, *see United States v. Crenshaw*, 359 F.3d 977 (8th Cir. 2004), McGruder filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence, which then-Chief Judge James M. Rosenbaum denied, *see United States v. McGruder*, 2006 WL 1506874 (D. Minn. May 30, 2006). The Eighth Circuit denied McGruder's application for a certificate of appealability and dismissed his appeal. *See* Docket Nos. 243, 244.

This matter is now before the Court on McGruder's motion to vacate his conviction pursuant to Fed. R. Civ. P. 60(b). McGruder raises a number of arguments in favor of his motion, all of which are challenges to the validity of his conviction. It is thus apparent that McGruder's motion is in reality a second or successive § 2255 motion for which he must obtain authorization from the Eighth Circuit. *See* 28 U.S.C. § 2255(h); *United States v. Echols*, 241 Fed. Appx. 355, 355-56 (8th Cir. 2007) (per curiam) (inmates may not bypass the authorization requirement by purporting to invoke some other procedure); *United States v. Washington*, 211

Fed. Appx. 550, 550 (8th Cir. 2007) (per curiam) (same); *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curiam) (same); *United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir. 2002) (same); *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam) (same); *see also Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005) (agreeing that Rule 60(b) motions that are in substance second or successive habeas petitions should be treated accordingly). As McGruder has not obtained the required authorization, and as it is apparent that he cannot meet the standard for authorization for a second or successive motion under § 2255(h), his motion is denied. *See Boyd*, 304 F.3d at 814.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion for appointment of counsel [Docket No. 252] is DENIED.

2. Defendant's motion to vacate [Docket No. 253] is DENIED.

3. No certificate of appealability will issue.

Dated: November 15, 2011         s/Patrick J. Schiltz
                                 Patrick J. Schiltz
                                 United States District Judge