UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,　　　　　　　　　Case No. 02-CR-0013(2) (PJS/FLN)

　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　ORDER

TIMOTHY KEVIN MCGRUDER,

　　　　　　Defendant.

　　　　Timothy McGruder, pro se.

　　　　Defendant Timothy McGruder was convicted of murder in aid of racketeering in violation of 18 U.S.C. § 1959 after he and his fellow gang members opened fire on rival gang members and killed a four-year-old girl.  In December 2002, McGruder was sentenced to life imprisonment.  ECF No. 171.  After McGruder's conviction and sentence were affirmed on direct appeal, *see United States v. Crenshaw*, 359 F.3d 977 (8th Cir. 2004), McGruder filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence, which then-Chief Judge James M. Rosenbaum denied, *see United States v. McGruder*, No. 02-CR-0013(2) (JMR/ESS), 2006 WL 1506874 (D. Minn. May 30, 2006).  The Eighth Circuit then denied McGruder's application for a certificate of appealability and dismissed his appeal.  *See* ECF Nos. 243, 244.

　　　　In 2011, McGruder filed a motion under Rule 60(b)(4) of the Federal Rules of Civil Procedure, asking for relief from the Court's judgment denying his § 2255 motion.

ECF No. 253. This Court denied McGruder's Rule 60(b)(4) motion, finding that it was in substance a second or successive § 2255 motion for which he must obtain authorization from the Eighth Circuit. ECF No. 255. McGruder had not obtained such authorization.

McGruder is back before the Court, this time moving for relief under Rule 60(b)(6) instead of Rule 60(b)(4). But McGruder's latest Rule 60(b) motion suffers from the same problem as his previous one. An "inmate[] may not bypass the authorization requirement . . . for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005). Thus, when a Rule 60(b) motion presents a "new claim[] for relief" or "attacks the federal court's previous resolution of a [§ 2255] claim *on the merits*," the Rule 60(b) motion must be treated as a second-or-successive § 2255 application. *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). This means that the motion cannot be filed with a district court unless it has been "precertified by the court of appeals as falling within an exception to the successive-petition bar." *Id.* at 532.

Under this rule, McGruder's Rule 60(b)(6) motion must be treated as a successive § 2255 motion because McGruder's motion "assert[s], or reassert[s], claims of error" in his conviction. *Id.* at 538. Once again, McGruder has filed a motion that "is in reality a second or successive § 2255 motion for which he must obtain authorization from the Eighth Circuit." ECF No. 255 at 1. And once again, "[a]s McGruder has not obtained

the required authorization, and as it is apparent that he cannot meet the standard for authorization for a second or successive motion under § 2255(h), his motion is denied." *Id.* at 2.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's Rule 60(b)(6) motion [ECF No. 324] is DENIED.

2. No certificate of appealability will be issued.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 27, 2018   s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge