UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

TIMOTHY KEVIN McGRUDER,

Defendant.

Case No. 02-CR-0013(2) (PJS/FLN)

ORDER

Katharine T. Buzicky, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Timothy Kevin McGruder, pro se.

In 2002, defendant Timothy Kevin McGruder was convicted by a jury of murder in aid of racketeering after he and his fellow gang members opened fire on rival gang members, killing a four-year-old girl.  ECF No. 141; ECF No. 327 at 1.  He was sentenced to life imprisonment, a special assessment of $100, and $20,860 in restitution; he is jointly and severally liable for the restitution obligation with his two codefendants.  ECF No. 170.  McGruder was further ordered to pay his financial obligations in installments—specifically, not less than half of his monthly earnings if he is employed in a UNICOR job or not less than $25 per quarter if he is employed in a non-UNICOR job.  ECF No. 360-1 at 3.

This matter is before the Court on McGruder's "motion to modify judgement in lieu of restitution/fines payment."  ECF No. 360 at 1.  Although McGruder labels his

motion as one to "modify" his judgment—and although the Court has authority to

modify a restitution order in response to "any material change in the defendant's

economic circumstances," 18 U.S.C. § 3664(k)—McGruder does not, in fact, seem to be

asking the Court to *modify* its judgment. McGruder does not identify—much less

provide evidence of—a "material change" in his economic circumstances,[1] nor does he

ask the Court to change any part of its restitution order. To the contrary, McGruder

asks this Court to order the Bureau of Prisons ("BOP") to "comply with" the terms of

that order. ECF No. 364 at 1, 4.

McGruder's specific grievance against the BOP is that, although the restitution

order (as he interprets it) presently requires him to pay $25 per quarter because he is not

employed in a UNICOR job, the BOP is forcing him to pay $80 per month through the

Inmate Financial Responsibility Program ("IFRP").[2] McGruder does not object to being

required to pay $25 per quarter; instead, he objects that the BOP is exceeding its

---

[1]McGruder does say that he cannot work because there are no jobs for prisoners at his place of incarceration. But the judgment in his case requires him to make installment payments only if he is *employed*, either in a UNICOR or non-UNICOR job. ECF No. 360-1 at 3. Thus, his inability to work should not occasion the need to modify the judgment.

[2]"Under this program, BOP staff are required to help inmates who have outstanding financial obligations (including court-ordered restitution) to develop a plan to meet those obligations. *See* 28 C.F.R. § 545.11. Inmates who either refuse to participate in the IFRP or fail to comply with the provisions of their financial plan lose certain privileges. *See* 28 C.F.R. § 545.11(d)." *United States v. Bugh*, No. 98-CR-0308(2) (PJS), 2012 WL 3230530, at *1 (D. Minn. Aug. 6, 2012).

authority under the restitution order by forcing him to pay *more* than $25 per quarter.

Plainly, then, McGruder is challenging the execution of his sentence by the BOP.

McGruder's challenge faces two problems.  First, McGruder has shown neither

that he has exhausted his administrative remedies through the BOP nor that those

remedies would be futile.  *See United States v. Bugh*, No. 98-CR-0308(2) (PJS), 2012 WL

3230530, at *1 & n.1 (D. Minn. Aug. 6, 2012).  Second, McGruder must challenge the

BOP's execution of his restitution order by filing a petition for a writ of habeas corpus

under 28 U.S.C. § 2241 in the district in which he is confined.  *Matheny v. Morrison*,

307 F.3d 709, 711–12 (8th Cir. 2002) (holding that challenges to IFRP payment schedules

are "correctly framed as § 2241 claims brought in the district where the sentence is

being carried out").  McGruder is presently confined at USP McCreary, which is in the

Eastern District of Kentucky.  ECF No. 360 at 6; Fed. Bureau of Prisons, *USP McCreary*,

https://www.bop.gov/locations/institutions/mcr (last visited Mar. 18, 2022).

In sum, if McGruder wishes to challenge the manner in which the BOP is

executing his restitution order, he must first exhaust his administrative remedies, and

then he must file a § 2241 petition in the Eastern District of Kentucky.[3]  This Court does

not have jurisdiction to consider any such challenge.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT defendant Timothy Kevin McGruder's "motion to

modify judgement in lieu of restitution/fines payment" [ECF No. 360] is DENIED

WITHOUT PREJUDICE.

Dated: March 18, 2022                             s/Patrick J. Schiltz
                                                  Patrick J. Schiltz
                                                  United States District Judge

---

[3]The government asserts that McGruder could also bring his petition "in the District of Columbia or any district in which the BOP maintains a regional office."  ECF No. 363 at 4 n.3 (citing *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 495–99 (1973)).  The BOP does not maintain a regional office in Minnesota.  *See* Fed. Bureau of Prisons, *BOP: Offices*, https://www.bop.gov/about/facilities/offices.jsp (click "Location Details" for each regional office) (last visited Mar. 18, 2022).