UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,    Case No. 02-CR-0013(2) (PJS/FLN)

Plaintiff,

v.    ORDER

TIMOTHY KEVIN MCGRUDER,

Defendant.

Timothy Kevin McGruder, pro se.

Defendant Timothy Kevin McGruder is serving a life sentence after being convicted by of jury of murdering a four-year-old girl in aid of racketeering. ECF No. 171. McGruder has unsuccessfully challenged his conviction and sentence on direct appeal, through a motion to vacate under 28 U.S.C. § 2255, and through motions for relief from judgment under Fed. R. Civ. P. 60(b). *See* ECF No. 370 at 3. This matter is now before the Court on McGruder's motion for compassionate release pursuant to 18 U.S.C. § 3582 (c)(1)(A)(i) or for a sentence reduction under § 404 of the First Step Act. ECF No. 369. For the reasons that follow, the motion is denied.

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable," the court finds that "extraordinary and compelling reasons

warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission has issued U.S.S.G. § 1B1.13, a policy statement that governs motions under § 3582(c)(1)(A). Because § 1B1.13 was issued when the Bureau of Prisons ("BOP") had the sole authority to bring motions for release under § 3582(c)(1)(A), the guideline by its terms is limited to motions filed by the BOP. As a result, a number of circuits have held that § 1B1.13 applies only to motions filed by the BOP, and not to motions filed by defendants on their own behalf. *See, e.g.*, *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020).

The Eighth Circuit has not resolved this issue, but the court has clarified that, although district courts should not treat § 1B1.13 as binding, they may not ignore it altogether. *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021). That holding accords with this Court's approach of affording deference to § 1B1.13's definition of "extraordinary and compelling." *See United States v. Logan*, 532 F. Supp. 3d 725, 730 (D. Minn. 2021). Thus, while the Court recognizes that it has the discretion to grant a sentence reduction even in circumstances that do not comport with the terms of § 1B1.13, the Court continues to treat § 1B1.13 as a useful guide in determining how to exercise its discretion.

Meanwhile, the First Step Act allows courts to reduce the sentences of defendants who were convicted prior to 2010 of certain drug crimes whose statutory penalties were modified by the Fair Sentencing Act of 2010.  Under § 404 of the First Step Act, "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed."  First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018).  An offense is "covered" under the Act only if the Fair Sentencing Act modified the statutory penalties for the offense.  *Terry v. United States*, 141 S. Ct. 1858, 1862 (2021).

According to McGruder, "the uncontrolled spread of COVID-19," "the severity of his sentence," and his "relative youth at the time of his offense" are reasons that justify his early release.  ECF No. 370 at 9.  The Court finds that none of these reasons rises to the level of "extraordinary and compelling" circumstances that would justify a sentence reduction under § 3582(c)(1)(A):

*First*, the risk of being infected with COVID-19 in prison—a risk faced by every single person who is incarcerated in a federal, state, or local facility—is not an "extraordinary and compelling" reason for early release.  McGruder does not say whether he has received the COVID-19 vaccine, but it is available to him, and has been

available to him for well over a year.[1] The vaccine greatly reduces the risk that COVID-19 poses to McGruder and other inmates. *See United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."). In addition, according to the Bureau of Prisons, McGruder is currently incarcerated at USP McCreary in Kentucky, where, as of this writing, there is not a single active infection among more than 1,500 inmates.[2] McGruder does not appear to be at much more risk of contracting COVID-19 at McCreary than he would be in the community.

*Second*, the severity of McGruder's sentence and his youth at the time he committed the offense are intrinsic factors that were considered by the (now retired) judge who decided his sentence. This Court has previously explained that it "will generally give such factors little weight" when considering motions for compassionate release because intrinsic factors are "circumstances that the sentencing judge considered

---

[1] *See FDA Takes Key Action in Fight Against COVID-19 By Issuing Emergency Use Authorization for First COVID-19 Vaccine*, FDA, https://www.fda.gov/news-events/press-announcements/fda-takes-key-action-fight-against-covid-19-issuing-emergency-use-authorization-first-covid-19 (Dec. 11, 2020).

[2] *See Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Feb. 10, 2023); *Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Feb. 10, 2023); *USP McCreary*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/mcr/ (last visited Feb. 10, 2023).

(or at least could have considered) when deciding on the defendant's sentence. A defendant who bases a § 3582(c)(1)(A)(i) motion on intrinsic factors is essentially asking for a 'do-over' of his sentencing." *Logan*, 532 F. Supp. 3d at 731. This Court is especially skeptical of relying on such factors to justify compassionate release when a different judge originally sentenced the defendant because the sentencing judge knew "far more about the defendant and about the case than can ever appear on a cold record." *Id.* at 732.

Even if the Court were not reluctant to allow inmates to use § 3582(c)(1)(A)(i) to ask for "do-overs" of their sentencing hearings, McGruder would face another problem: McGruder's sentence is the result of a statutory mandate. McGruder was convicted of violating 18 U.S.C. § 1959(a)(1), which *requires* a sentence of life imprisonment (or death) without exception. As another court recently explained:

> Compassionate release does not give federal courts free rein to reassess lawfully imposed sentences; it "is not an opportunity to second guess or to reconsider whether the original sentence was just." *United States v. Ebbers*, 432 F. Supp. 3d 421, 429 (S.D.N.Y. 2020). Compassionate release is not a form of judicial (as opposed to executive) clemency.
>
> And especially where the length of the sentence was determined by the imposition of a mandatory minimum, the encroachment into the legislature's province is exacerbated. Reducing a mandatory minimum sentence based on its length is a bold assertion of full discretion—constrained only by the Court's own assessment of whether the length is

> extraordinary and compelling—where Congress expressly divested the courts of all such discretion.

*United States v. Andrews*, 480 F. Supp. 3d 669, 679 (E.D. Pa. 2020), *aff'd*, 12 F.4th 255 (3d Cir. 2021).

McGruder also argues that he is eligible for a sentence reduction under § 404 of the First Step Act "because he was convicted of an offense that was triggered by a 'covered offense', e.g. violations of 21 U.S.C. § 841(a)(1) and § 846." ECF No. 370 at 7. McGruder misunderstands the legal framework. Sections 841 and 846 define certain controlled-substance offenses, the penalties for some of which were modified by the Fair Sentencing Act of 2010. *See Terry*, 141 S.Ct. at 1862. But McGruder was not convicted of a controlled-substance offense under either of these sections; he was convicted of murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1). The Fair Sentencing Act did not modify the penalties for violating § 1959(a)(1), so a violation of § 1959(a)(1) is not a "covered offense" within the meaning of the First Step Act, and McGruder is not eligible for relief under § 404. *See Terry*, 141 S.Ct. at 1862.

The indictment against McGruder does *refer* to 21 U.S.C. § 841(a)(1) and § 846, but it does so only to define the purpose of the racketeering enterprise in which McGruder was involved. ECF No. 1 at 2 ("The Rolling 60's Crips Gang . . . engaged in racketeering activity . . . namely, narcotics trafficking in violation of Title 21, United States Code Sections 841(a)(1) and 846."). This is not sufficient to bring McGruder's

offense within the scope of relief afforded by § 404.  *See Terry*, 141 S.Ct. at 1863–64 (defining scope of relief under § 404).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT McGruder's motion for a sentence reduction [ECF No. 369] is DENIED.

Dated: February 10, 2023         s/Patrick J. Schiltz
                Patrick J. Schiltz, Chief Judge
                United States District Court