UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,                    Case No. 02-CR-0013(2) (PJS/FLN)

        Plaintiff,

v.                                            ORDER

TIMOTHY KEVIN MCGRUDER,

        Defendant.

---

Timothy Kevin McGruder, pro se.

In 1996, defendant Timothy Kevin McGruder and his fellow gang members killed a four-year-old girl. ECF No. 237 at 1–2. A jury convicted him of murder in aid of racketeering. ECF No. 141. McGruder was sentenced to life imprisonment, a $100 special assessment, and $20,860 in restitution. ECF No. 170. This matter is before the Court on McGruder's second "motion to modify judgment in lieu of restitution/fines payment" under 18 U.S.C. § 3664(k).

McGruder's central contention is the Bureau of Prisons ("BOP"), through the Inmate Financial Responsibility Program ("IFRP"),[1] is forcing him to pay more in restitution than this Court ordered him to pay. He asserts that the BOP increased his

---

[1] The IFRP is meant to "encourage[] each sentenced inmate to meet his or her legitimate financial obligations" by "developing a financial plan." 28 C.F.R. § 545.10. Failure to participate in the program can result in the loss of certain privileges. *See* 28 C.F.R. § 545.11(d).

quarterly restitution payment from $35 to $350 in violation of the terms of the judgment entered in his case, which he interprets to require him to pay no more than $25 per quarter since he does not have a UNICOR job.  (McGruder is incorrect:  The judgment requires him to pay restitution in "quarterly installments of *not less than* $25 if you are employed in a non-Unicore job," which provides a floor, not a ceiling.  ECF No. 360-1 at 3.)  McGruder asks the Court to "require the government and Bureau of Prisons to comply with the terms of [the] restitution order."  ECF No. 389 at 3.

In November 2021, McGruder filed a nearly identical motion in which he sought relief from the BOP, which at that time had increased his restitution payments to $80 per month.  ECF No. 360 at 3.  The Court denied the motion because, although the motion was labeled as a motion to modify a restitution order under 18 U.S.C. § 3664(k), McGruder actually sought to enforce the terms of the *existing* restitution order (as he interpreted it).  ECF No. 365.  In other words, McGruder challenged the execution of his sentence.

Exactly the same is true of his latest motion.  McGruder does not seek to *change* his restitution order based on a "material change in [his] economic circumstances." § 3664(k).  In fact, he expressly disclaims such an intent.  ECF No. 389 at 3 ("Nothing has changed in the Defendant's economic circumstances to raise payment.").  Instead, he seeks to *enforce* his restitution order (as he interprets it) against the BOP.

Because McGruder challenges the BOP's execution of the original restitution order, he faces certain procedural hurdles. *See United States v. Diggs*, 578 F.3d 318, 319 (5th Cir. 2009) (holding 28 U.S.C. § 2241, not § 3664(k), is the proper procedural vehicle for challenging IFRP payment schedules). As the Court instructed in denying McGruder's November 2021 motion:

> McGruder's challenge faces two problems. First, McGruder has shown neither that he has exhausted his administrative remedies through the BOP nor that those remedies would be futile. *See United States v. Bugh*, No. 98 CR 0308(2) (PJS), 2012 WL 3230530, at *1 & n.1 (D. Minn. Aug. 6, 2012). Second, McGruder must challenge the BOP's execution of his restitution order by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district in which he is confined. *Matheny v. Morrison*, 307 F.3d 709, 711–12 (8th Cir. 2002) (holding that challenges to IFRP payment schedules are "correctly framed as § 2241 claims brought in the district where the sentence is being carried out").

ECF No. 265 at 3.

McGruder is presently confined at USP McCreary, ECF No. 389 at 2, which is within the Eastern District of Kentucky. Fed. Bureau of Prisons, *USP McCreary*, https://www.bop.gov/locations/institutions/mcr/ (last visited Dec. 18, 2023). Thus, if he wishes to challenge the BOP's manner of carrying out the restitution order, McGruder must first exhaust his administrative remedies and then file a § 2241 petition in the United States District Court for the Eastern District of Kentucky. This Court lacks subject-matter jurisdiction to consider McGruder's motion.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT defendant's motion to modify judgment [ECF No. 389] is DENIED WITHOUT PREJUDICE.

Dated: December 22, 2023

Patrick J. Schiltz, Chief Judge
United States District Court