UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,                    Case No. 02-CR-0013(2) (PJS/FLN)

                Plaintiff,

v.                                                                    ORDER

TIMOTHY KEVIN MCGRUDER,

                Defendant.

Defendant Timothy McGruder was convicted by a jury of murdering a four-year-old girl in aid of racketeering and received a mandatory life sentence. ECF No. 171. McGruder has unsuccessfully challenged his conviction and sentence on direct appeal and then through multiple collateral attacks. *See* ECF No. 375 at 1. This matter is before the Court on McGruder's second motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

First, McGruder contends that he received an unusually long sentence compared to the sentence that would be imposed today. "If a defendant received an unusually

long sentence . . ., a change in the law . . .  may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed . . . ." USSG § 1B1.13(b)(6).

The problem for McGruder, however, is that he did not receive an unusually long sentence, and there has been no relevant change in the law.[1]  Section 1959 imposes a mandatory life (or death) sentence for defendants who, like McGruder, committed murder in aid of racketeering.  18 U.S.C. § 1959(a)(1).  Obviously, then, McGruder's life sentence is not *unusually* long for a person convicted of that crime; it is the *norm*.  Moreover, as the relevant law has not changed, there is obviously no "gross disparity" between McGruder's sentence and the sentence that would be imposed today.  If McGruder were convicted of the same crime in 2024, he would receive the same sentence:  life in prison.

_____

[1]Insofar as McGruder argues that 18 U.S.C. § 1959 is unconstitutionally vague, he challenges the legality of his original conviction and sentence, and his motion is in substance a successive motion under 28 U.S.C. § 2255.  *United States v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020) ("A federal inmate generally must challenge a sentence through a § 2255 motion . . . and a post judgment motion that fits the description of a motion to vacate, set aside, or correct a sentence should be treated as a § 2255 motion."); *see also United States v. Savage-El*, 81 F. App'x 626, 627 (8th Cir. 2003) (a defendant "may not circumvent the statutory requirements for filing a successive section 2255 motion by invoking [§ 3582(c)(2)] to challenge his sentence").  Because McGruder has already filed multiple 28 U.S.C. § 2255 motions, ECF Nos. 212, 253, 324, he must receive authorization from the Eighth Circuit to file another.  28 U.S.C. § 2255(h).  McGruder has not obtained such authorization.

Next, McGruder argues that his relative youth at the time he committed the offense is an extraordinary and compelling reason warranting a sentence reduction. As the Court told McGruder in response to his first motion for compassionate release, McGruder's youth and impressionability at the time he committed the offense are factors that the (now retired) sentencing judge took into account at sentencing. ECF No. 375 at 4–5. Given that his youth was already considered in imposing his sentence, McGruder is essentially asking for a "do-over" of his sentencing—a request this Court is especially wary of granting when the original sentence was imposed by a different judge who knew "far more about the defendant and about the case than can ever appear on a cold record." *United States v. Logan*, 532 F. Supp. 3d 725, 732 (D. Minn. 2021). And, again, McGruder's crime was subject to a mandatory life term of imprisonment (or death).

Finally, McGruder argues that his "extraordinary rehabilitation" warrants a sentence reduction. Rehabilitation, however, is "supposed to be the rule, not the exception." *Id.* at 739. Indeed, both the United States Code and the United States Sentencing Guidelines hold that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" justifying compassionate release. USSG § 1B1.13(d); *see also* 28 U.S.C. § 994(t).

In sum, neither McGruder's life sentence, nor his relative youth at the time of the offense, nor his rehabilitation, present "extraordinary and compelling reasons" that warrant a sentence reduction.  His second motion for compassionate release is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's motion for compassionate release [ECF No. 404] is DENIED.

Dated:  June 26, 2024                          s/Patrick J. Schiltz
                                               Patrick J. Schiltz, Chief Judge
                                               United States District Court