UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,   Case No. 02-CR-0013(2) (PJS/FLN)

  Plaintiff,

v.   ORDER

TIMOTHY KEVIN MCGRUDER,

  Defendant.

Defendant Timothy McGruder was convicted of murdering a four-year-old girl in aid of racketeering.  ECF No. 171.  In December 2002, McGruder was sentenced to mandatory life imprisonment and ordered to pay $20,860 in restitution.  ECF No. 170.  McGruder has unsuccessfully challenged his conviction and sentence on direct appeal and then through multiple collateral attacks.  *See* ECF No. 375 at 1.  This matter is before the Court on McGruder's third motion to modify his restitution order, a motion to appoint counsel to pursue a sentence reduction, and a third motion for compassionate release.  ECF Nos. 430–32.

First, McGruder argues in his motion to "Modify Judgment In Lieu of Restitution/Fines" that, under the Mandatory Victims Restitution Act of 1996 ("MVRA"), the restitution order has expired, as it has been more than 20 years since his conviction.  Because McGruder believes that the restitution order has expired, he contends that the Bureau of Prisons ("BOP") should not be withholding privileges for

his refusal to participate in the Inmate Financial Responsibility Program ("IFRP"). Notwithstanding the title of his motion, McGruder is not actually asking the Court to modify his restitution order; rather, he is asking the Court to order the BOP not to enforce that order because he believes (incorrectly[1]) that the order has expired. In other words, McGruder is challenging the execution of his sentence. As the Court has told him twice before, however, McGruder must challenge the BOP's execution of his restitution order first by exhausting his administrative remedies with the BOP and then by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district[2] in which he is confined. *See* ECF Nos. 365, 390. The motion is therefore denied.

Second, McGruder asks the Court to appoint counsel so that he can move for a sentence reduction under 18 U.S.C. § 3582(c)(2) in light of recent changes to the United

---

[1]McGruder misinterprets the termination-of-liability provision of the MVRA. The relevant provision states that "[t]he liability to pay restitution shall terminate on the date that is *the later of* 20 years from the entry of judgment *or* 20 years after the release from imprisonment of the person ordered to pay restitution." 18 U.S.C. § 3613(b) (emphasis added); *see also United States v. Ellingburg*, 113 F.4th 839, 842 (8th Cir. 2024) (per curiam) ("[R]etroactive application of the MVRA to [a defendant's] restitution order does not violate the Ex Post Facto Clause."). Although it has been 20 years since the December 24, 2002, entry of judgment in McGruder's case, the *later* termination date would be 20 years after McGruder's release from imprisonment. As McGruder has not been released from imprisonment, the 20-year termination countdown has not yet begun. McGruder must fulfill his restitution obligation until 20 years after he is released from prison (if he is ever released from prison).

[2] McGruder remains confined at USP McCreary within the Eastern District of Kentucky. Fed. Bureau of Prisons, *USP McCreary*, https://www.bop.gov/locations/institutions/mcr/ (last visited Mar. 12, 2025).

States Sentencing Guidelines.  Specifically, McGruder wishes to pursue a reduction based on Amendment 829, which addresses downward departures for youthful defendants.  *See* USSG § 5H1.1.  The Court does not need to appoint counsel, however, because the amendment does not apply to McGruder.

A court may not reduce "a term of imprisonment based on a sentencing range that has subsequently been lowered by the [United States] Sentencing Commission" unless "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  The Sentencing Guidelines provide that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement" if "none of the amendments listed in subsection (d) is applicable to the defendant."  USSC § 1B1.10(a)(2)(A).  Put more simply, only amendments listed in USSG § 1B1.10(d) have retroactive effect.  Amendment 829 is not listed in subsection (d).  Therefore, the amendment does not retroactively apply to McGruder's case and the Court cannot reduce his sentence on that basis.[3]

Finally, McGruder moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  For the Court to consider such a motion, McGruder must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a

---

[3]Moreover, McGruder's offense carries a mandatory life term of imprisonment, so even if McGruder was granted a downward departure premised on his youthfulness at the time he committed the offense, that departure would not have any impact on his mandatory life sentence.

motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [McGruder's] facility, whichever is earlier."  § 3582(c)(1)(A).  In his motion, McGruder asserts that he submitted a request for compassionate release to the warden in November 2023 and it was denied on November 27, 2023.  ECF No. 432 at 3.  McGruder previously filed a motion in this Court for compassionate release on May 1, 2024, which the Court denied on June 26, 2024.  ECF Nos. 404, 410.  There is no indication that McGruder again exhausted his administrative remedies before filing this new motion for compassionate release.

More importantly, McGruder provides no basis for the Court to grant his motion for compassionate release.  He states there are "extraordinary and compelling reasons for his release," but the four, terse reasons he lists either are not relevant to compassionate release (e.g., he was charged in a one-count indictment) or have previously been rejected by this Court in ruling on McGruder's past compassionate-release motions (e.g., his youth when he committed the offense).  Insofar as McGruder alleges that his trial proceeded without his attorney present, he must raise that issue in a 28 U.S.C. § 2255 motion after receiving permission from the United States Court of Appeals for the Eighth Circuit to file a second or successive § 2255 motion.  *United States v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020) ("A federal inmate generally must challenge a sentence through a § 2255 motion . . . and a post judgment motion that fits the

description of a motion to vacate, set aside, or correct a sentence should be treated as a § 2255 motion."); 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals. . . ."). McGruder's motion for compassionate release is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to modify his restitution order [ECF No. 430] is DENIED.

2. Defendant's motion to appoint counsel [ECF No. 431] is DENIED AS MOOT.

3. Defendant's motion for compassionate release [ECF No. 432] is DENIED.

Dated: March 13, 2025

s/Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court