UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 02-CR-0013(2) (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| TIMOTHY KEVIN MCGRUDER, | |
| Defendant. | |

Defendant Timothy McGruder was convicted of murdering a four-year-old girl in aid of racketeering. ECF No. 171. In December 2002, McGruder was sentenced to mandatory life imprisonment. ECF No. 170. McGruder has unsuccessfully challenged his conviction and sentence on direct appeal and then through multiple collateral attacks. *See* ECF No. 375 at 1. This matter is before the Court on McGruder's motion for "plain error review pursuant to Rule 52(b)." ECF No. 434.

McGruder argues that the judge who presided over his jury trial (Judge James M. Rosenbaum) erred when he discussed a motion in limine with an attorney for one of McGruder's co-defendants without McGruder's attorney being present. Although McGruder does not explicitly state what relief he is seeking, he is clearly attempting to challenge the legality of his original conviction and sentence. Generally, a defendant must raise such a challenge by filing a motion under 28 U.S.C. § 2255. *United States v.*

*Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020). Further, "a post-judgment motion that fits the description of a motion to vacate, set aside, or correct a sentence should be treated as a § 2255 motion." *Id.* The Court therefore treats McGruder's motion as a collateral attack on his conviction and sentence pursuant to § 2255.

McGruder has already filed multiple § 2255 motions. *See* ECF Nos. 212, 253, 324. To file a successive § 2255 motion, McGruder must first receive authorization from the United States Court of Appeals for the Eighth Circuit. § 2255(h); *see also United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) ("It is well-established that inmates may not bypass the authorization requirement . . . for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure."). Because McGruder has not received such authorization, his motion is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion for "plain error review pursuant to Rule 52(b)" [ECF No. 434] is DENIED.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 4, 2025    /s/ Patrick J. Schiltz
　　　　　　　　　　　　Patrick J. Schiltz, Chief Judge
　　　　　　　　　　　　United States District Court